**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0383** (Lewis County 19-F-104)

**Jimmy Ray Bonnett,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jimmy Ray Bonnett appeals the Circuit Court of Lewis County's April 15, 2021, order sentencing him to the penitentiary for his various sexual abuse and sexual assault convictions.[1] This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2019, the grand jury indicted petitioner on the following: three counts of first-degree sexual abuse; six counts of first-degree sexual assault; and nine counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. The victim was several days shy of her ninth birthday.

On September 15, 2020, due to the COVID-19 pandemic, the Lewis County Commission entered "An Order to Permit the Lawful Holding of Lewis County Circuit Court at the West Virginia Building at Jackson's Mill for Jury Selection in September, October, November, and December of 2020, and Other Purposes." The order referred to West Virginia Code § 51-3-7 and stated that the county commission may "appoint locations other than the county courthouse as a lawful location for the holding of court when the county courthouse is not in a condition to be occupied." The order further stated that "the existing court space is not feasible for the purpose of a jury selection in certain cases due to restrictions placed by the local health officer and governor."

---

[1]Petitioner appears by counsel Philip S. Isner. Respondent State of West Virginia appears by counsel Patrick Morrisey and Lara K. Bissett.

Jury selection was held on October 13, 2020, at Jackson's Mill. Petitioner did not object to the location of the jury selection. On October 26, 2020, petitioner's trial was held at the Lewis County Courthouse. After deliberations, the jury found petitioner guilty on all counts in the indictment. Shortly after the verdict, petitioner filed a motion for judgment of acquittal or, in the alternative, a new trial, arguing that there was insufficient evidence to convict him and that the victim's statements were untrustworthy. At a post-trial motions hearing held in January of 2021, the circuit court denied petitioner's motion, finding that there was sufficient evidence for the jury to convict petitioner.

In March of 2021, the circuit court imposed an aggregate indeterminate sentence of not less than 85 years nor more than 285 years of incarceration for petitioner's various convictions. Petitioner now appeals the circuit court's April 15, 2021, sentencing order.

Petitioner first argues that the circuit court lacked jurisdiction because his jury selection was held at a location other than the Lewis County Courthouse in a circumstance outside the scope of West Virginia Code § 51-3-7, which provides that

> [e]very circuit court, county court [now county commission] and other court of record of any county shall be held at the courthouse of such county, except where some other place is prescribed by law or lawfully appointed. When the courthouse of a county is destroyed or is not in a condition to be occupied, such court shall hold its sessions at such places as may be appointed by order of the county court. A copy of such order or warrant shall be posted by the clerk of the county court at the front door of his office, at the courthouse door, unless the courthouse has been destroyed, and at the place so appointed.

We review this issue de novo. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

In his brief, petitioner points out that this Court has cautioned that a circuit court could deprive itself of jurisdiction "should it hold its sessions in contravention of the express commands of the Legislature." *State v. Burford*, 136 W. Va. 472, 484, 67 S.E.2d 855, 862 (1951). However, we find no violation of West Virginia Code § 51-3-7 here. In this instance, a global pandemic rendered the condition of the courthouse unoccupiable for the purpose of jury selection.[2] The facts of *Burford* are distinguishable because, in that case, the county commission did not issue an order moving proceedings; rather, the circuit court granted the State's motion to take testimony at a witness's home. 136 W. Va. at 477, 67 S.E.2d at 859. However, the Court in *Burford* recognized that "[e]ven in cases of emergency requiring, of necessity, that sessions of court be held at some place other than the courthouse, the Legislature has provided that the county court or the Governor

_____

[2]The Court recognized the unprecedented public health emergency due to the COVID-19 pandemic in a series of administrative orders. In its May 6, 2020, Administrative Order, the Court encouraged circuit courts to move jury trials to alternative locations that provided adequate space for social distancing, so long as those locations were adequate for the presentation of evidence and examination of witnesses.

shall designate the temporary place for holding the sessions." *Id*. at 484, 67 S.E.2d at 862. Here, it is undisputed that the COVID-19 pandemic created an emergency necessitating a temporary location for jury selections.[3]

Next, petitioner argues that the circuit court erred in sustaining his guilty verdict considering evidence of the victim's alleged coaching. We review this issue de novo. *See State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011) ("The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." (citation omitted)). Moreover, in reviewing the sufficiency of the evidence, we view[] the evidence in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Petitioner fails to carry his burden on appeal as he presented no argument that the victim's testimony lacked credibility. Petitioner complains that the victim's cousin reviewed the victim's Child Advocacy Center ("CAC") interview with the victim prior to trial. However, this argument fails to show that the victim lied or was otherwise untruthful in her testimony, and the jury found her testimony credible. "Credibility determinations are for a jury and not an appellate court." *Id*. at 657, 461 S.E.2d at 163, Syl. Pt. 3, in part. Further, petitioner's complaint that the victim was the only witness that claimed that he engaged in criminal acts is likewise without merit. This Court has held that, "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony is inherently incredible, the credibility is a question for the jury." Syl. Pt. 5, *State v. Beck*, 167 W. Va. 830, 286 S.E.2d 234 (1981). Furthermore, there was other evidence at trial that corroborated the victim's testimony, such as the testimony of the victim's treating physician. As such, petitioner cannot overcome the significant burden of demonstrating that the evidence at trial did not support the jury's verdict.

Finally, petitioner argues that the victim's in-court identification was "tainted" because the prosecutor told the victim where to look to find petitioner. However, the trial transcript shows that when the prosecutor asked the then-nine-year-old victim whether she could "see everybody," the victim stated, "not really." The transcript further showed that the victim stood up so that she could see more of the courtroom and people's faces better. After she stood up, she identified petitioner by describing what he was wearing. Furthermore, petitioner's testimony corroborated the victim's identification of him as she testified as to his connection with her family, and petitioner confirmed this prior relationship. The State has the "burden of proving beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime." *State v. Payne*, 167 W. Va. 252, 262, n.1 280 S.E.2d 72, 78, n.1 (1981) (citation omitted). Considering the evidence above, the State clearly met its burden and petitioner is entitled to no relief in this regard.

---

[3]Regarding petitioner's argument that the commission's order violated West Virginia Code § 51-3-7 by failing to state within the order itself that the order must be posted in certain locations, petitioner's argument is without merit. The statute does not require such language in the order and petitioner fails to argue or allege that the commission failed to post the order in the proper locations.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 15, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn